UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALADDIN DINAALI<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT G. LUNA, SHIRLEY N. WEBBER, INTERLACED SOCIAL LLC, a Delaware corporation, PROSPERA LAW LLP, a California corporation,<br><br>  Defendants. | Case No. 2:24-cv-01329-JAD-EJY<br><br>**ORDER**<br><br>**AND**<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Aladdin Dinaali's application to proceed *in forma pauperis* ("IFP"), which is complete. ECF No. 1  Also pending are Plaintiff's Complaint and Motion for Permission to File Electronically. ECF Nos. 1-1, 4.  Plaintiff's Complaint fails to allege any basis upon which the Court may exercise jurisdiction.  For this reason, as well as others discussed below, the Court dismisses Plaintiff's Complaint without prejudice and with leave to amend.  The Court denies Plaintiff's Permission to File Electronically as premature.

**I.    Screening the Complaint**

Upon granting Plaintiff's IFP application the Court must screen her Complaint under 28 U.S.C. § 1915(e)(2).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes these facts in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Analysis of Plaintiff's Complaint**

    A.    Jurisdiction.

        1.    *Subject matter jurisdiction*.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Such courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal

courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Further, federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, as demonstrated below, Plaintiff's Complaint fails to plead a cognizable claim establishing federal question jurisdiction. In an attempt to plead diversity jurisdiction, Plaintiff's Complaint identifies her residence as Las Vegas, Nevada and the residence of each Defendant as a different state; however, Plaintiff does not plead a matter in controversy exceeding the sum or value of $75,000. *Id*. at 2, 3, 9. Thus, Plaintiff does not establish diversity jurisdiction over her claims. In the absence of subject matter jurisdiction, Plaintiff's claims cannot proceed.

     *ii.  Personal jurisdiction*.

"Federal courts may exercise either general or specific personal jurisdiction over a defendant." *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *3 (D. Nev. Oct. 10, 2012) (internal citations omitted). To establish general jurisdiction, a defendant must have sufficient contacts with the forum state to constitute the "kind of continuous and systematic general business contacts that approximate physical presence." *Id*. Plaintiff pleads no facts to establish general jurisdiction over any defendant identified in her Complaint. ECF No. 1-1 at 9.

A district court may exercise specific jurisdiction over a defendant if the causes of action "arise[] out of or relate to" the defendant's activity in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Determining whether specific jurisdiction exists over an

out of state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177, 1180 (9th Cir. 2004). Because Nevada's long-arm statute, NRS § 14.065, reaches the "outer limits of federal constitutional due process," the Court need only analyze whether exercising specific jurisdiction over Defendants comports with due process. *Certain-Teed Prods. Corp. v. Second Judicial Dist. Ct.*, 479 P.2d 781, 784 (Nev. 1971).

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (internal citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* (internal citations omitted). The Ninth Circuit employs a three prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The burden initially falls on the plaintiff to show the first two prongs, but subsequently shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (internal citation omitted).

Here, Plaintiff pleads no facts that establish any events involving Defendants Robert Luna (L.A. County Sheriff), Shirley Webber (California Secretary of State) or Prospera Law LLP (a law firm based in Los Angeles) took place in Nevada. ECF No. 1-1 4, 9. There is nothing to suggest any of these Defendants had any contact of any kind with the forum state. *Id*. For this reason the

Court finds Plaintiff fails to establish personal jurisdiction over Robert Luna, Shirley Webber and Prospera Law.

Although Plaintiff says she accessed Defendant Interlaced Social LLC's ("Interlaced Social") website ("doublelist.com") while she was in Nevada, and that Interlaced Social suspended her account on January 2, 2024, Plaintiff's factual allegations only include that she attempted to sue Interlaced Social in Los Angeles County Superior Court, that lawsuit failed, and when she complained to the L.A. County Sheriff and California Secretary of State they did nothing in response. *Id*. Plaintiff pleads no other facts to support the conclusion that Interlaced Social purposely directed its activities to the State of Nevada. "Due process requires that a defendant be haled into court in a forum State based on … [its] own affiliation with the State, not based on the random, fortuitous, or attenuated contacts … [it] makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (internal citation and quote marks omitted). A "defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id*. (internal citation omitted). The Supreme Court's "minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 285 (internal citation and quote marks omitted). Further, "mere accessibility to an Internet site in the District" is not "enough of a foundation upon which to base personal jurisdiction." *GTE New Media Services Inc. v. Bellsouth Corp*, 199 F.3d 1343, 1346 (D.C.C. 2000). The accessibility of a website "does not by itself show any persistent course of conduct by" a defendant in a particular forum. *Id*. at 1349.

Based on the allegations in Plaintiff's Complaint and the law cited above, the Court finds Plaintiff does not plead sufficient facts to establish personal jurisdiction over Interlaced Social and for this reason her claim cannot proceed against this Defendant.

B.   <u>Plaintiff Fails to Satisfy Rule 8 of the Federal Rules of Civil Procedure</u>.

Plaintiff's Complaint fails to state a claim for relief. A review of the Complaint establishes Plaintiff was on Interlaced Social's website, removed from that website because she allegedly violated the "Terms of Service," Plaintiff filed suit in L.A. Superior Court, Interlaced Social responded with a declaration Plaintiff says was untrue, and Plaintiff subsequently complained to the

California Secretary of State and L.A. County Sheriff but neither responded. ECF No. 1-1 at 9. These facts do not allow the Court to understand what claims Plaintiff seeks to pursue under the Constitution, federal statute, or state law. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). While Plaintiff's allegations are sufficiently understood, the Court finds they fail to assert a cognizable claim. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

Specifically, Plaintiff's Complaint mentions the freedom of speech and right to petition the government. ECF No. 1-1 at 3. However, the First Amendment freedom of speech clause prohibits governmental limitations on speech and does not reach private entities such as Interlaced Social that may abridge speech. *Mutton v. Google LLC*, Case No. 22-cv-02268-JST, 2022 WL 1288726, at *2 (N.D. Cal. Apr. 29, 2022). Plaintiff alleges no abridgment of speech by a government or governmental agency. Thus, Plaintiff's First Amendment claim fails.

With respect to Plaintiff's alleged violation of her right to petition the government, this claim also fails. "[T]hose who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). Here, Plaintiff alleges no liability arising from her efforts to sue Interlaced Social in L.A. County Superior Court, her contact with L.A. County Sheriff or her complaint to the California Secretary of State. Thus, Plaintiff has not established a claim based on her right to petition the government.[1]

Plaintiff further alleges she is suing the L.A. County Sheriff and the California Secretary of State under 42 U.S.C. § 1983 because they were "negligent in performing their duties …" following

---

[1] Plaintiff also has no pleaded facts demonstrating interference with her right to access the courts. *Lewis v. Casey*, 518 U.S. 343, 348-49 (1996).

complaints she allegedly made against Interlaced Social. ECF No. 1-1 at 4. However, to state a claim under section 1983, a plaintiff must allege that: (1) defendant was acting under color of state law at the time the complained of act was committed; *and* (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see West v. Atkins,* 487 U.S. 42, 48 (1988). Plaintiff's claims of negligence do not identify a constitutional or statutory violation that would give rise to a § 1983 claim.

Finally, Plaintiff alleges she is being deprived of her civil rights because she is transgender. Courts recognize successful equal protection claims brought by a "class of one," where the plaintiff alleges she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) *citing Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441 (1923) and *Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty.*, 488 U.S. 336 (1989). The Supreme Court explains that "'[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" *Id*. *quoting Sioux City Bridge*, 488 U.S. at 445 (further quoting *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 352 (1918)). Plaintiff pleads no factual allegations that would support her different treatment based on transgender status; rather, she states this as a conclusion. ECF No. 1-1 at 9. Indeed, the website about which Plaintiff complains advertised for purposes of allowing transgender individuals to meet one another. *Id*.

The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. 678 (internal quotation omitted). Thus, in addition to Plaintiff's failure to establish subject matter or personal jurisdiction over Defendants, Plaintiff fails to state a claim upon which relief may be granted.

      C.    <u>The L.A. County Sheriff and Secretary of State are Immune from Suit when Sued in their Official Capacities.</u>

Plaintiff sues the L.A. County Sheriff and California Secretary of State in their individual and official capacities. These Defendants are immune from such suit under the Eleventh Amendment when sued in their official capacity for monetary relief. *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003); *Henry v. State of Montana*, 129 F.3d 125 (9th Cir. 1997) (claims against the secretary of state in her official capacity are barred by the Eleventh Amendment). Thus, to the extent Plaintiff sues Sheriff Luna and Secretary of State Webber in their official capacities for money damages, Plaintiff's claims are barred as a matter of law.

### III.  Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff Aladdin Dinaali's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED without prejudice but with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to amend her Complaint, she must do so no later than **September 6, 2024**. Plaintiff's amended complaint must allege facts establishing subject matter jurisdiction over her claims and personal jurisdiction over the defendants she seeks to sue. Plaintiff must also clearly identify what claims she seeks to bring against each defendant based on facts that tie a defendant to the alleged wrongdoing.

Plaintiff's amended complaint must be complete in and of itself. It must contain all the facts on which she bases her claims and must identify the constitutional wrongs engaged in by the defendants identified. The Court cannot refer to Plaintiff's original Complaint when it screens her amended complaint.

IT IS FURTHER ORDERED that Plaintiff's failure to comply with the terms of this Order may result in a recommendation that this action be dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Permission to Use and Register for Electronic Case filing (ECF No. 4) is DENIED without prejudice as premature.

### IV.     Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims asserted against Sheriff Luna and California Secretary of State Webber in their official capacities be dismissed with prejudice as barred by the Eleventh Amendment to the U.S. Constitution.

Dated this 19th day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).