UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALADDIN DINAALI

       Plaintiff,

      v.

ROBERT G. LUNA, SHIRLEY N. WEBBER, INTERLACED SOCIAL LLC, a Delaware corporation, PROSPERA LAW LLP, a California corporation,

       Defendants.

Case No. 2:24-cv-01329-JAD-EJY

**REPORT AND RECOMMENDATION**

RE:  ECF No. 9
(Plaintiff's Amended Complaint)

Pending before the Court is Plaintiff's First Amended Complaint. ECF No. 9.  Plaintiff's application to proceed *in forma pauperis* was granted on August 19, 2024, at which time Plaintiff's Complaint was dismissed without prejudice and with leave to amend.  ECF No. 5.  As was true with Plaintiff's original Complaint, Plaintiff's Amended Complaint fails to plead facts that establish personal jurisdiction over the Defendants.

**I.     Screening the Complaint**

Upon granting Plaintiff's IFP application the Court must screen her Complaint under 28 U.S.C. § 1915(e)(2).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  However, pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes these facts in the light most favorable to the plaintiff. *Warshaw v. Xoma*

*Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id*.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    Plaintiff's Amended Complaint Fail to Plead Facts Establishing Personal Jurisdiction Over Defendants.

Plaintiff now asserts a First Amendment violation, which the Court does not analyze because there is no personal jurisdiction over Defendants identified by Plaintiff as the Los Angeles County Sheriff, the California Attorney General, Interlaced Social LLC (a Delaware corporation), and Prospera Law LLP (a California Corporation).  ECF No. 9 at 2-3.

"Federal courts may exercise either general or specific personal jurisdiction over a defendant."  *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, Case No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *3 (D. Nev. Oct. 10, 2012) (internal citations omitted).  To establish

general jurisdiction, a defendant must have sufficient contacts with the forum state to constitute the "kind of continuous and systematic general business contacts that approximate physical presence." *Id.* Plaintiff pleads no facts to establish general jurisdiction over any Defendant identified in her Amended Complaint. ECF No. 9 at 8-9.

A district court may exercise specific jurisdiction over a defendant if the causes of action "arise[] out of or relate to" the defendant's activity in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Determining whether specific jurisdiction exists over an out of state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177, 1180 (9th Cir. 2004). Because Nevada's long-arm statute, NRS § 14.065, reaches the "outer limits of federal constitutional due process," the Court need only analyze whether exercising specific jurisdiction over Defendants comports with due process. *Certain-Teed Prods. Corp. v. Second Judicial Dist. Ct.*, 479 P.2d 781, 784 (Nev. 1971).

Specific jurisdiction requires a defendant to have taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (internal citation omitted). The contacts "must be the defendant's own choice and ... must show that the defendant deliberately reached out beyond its home." *Id.* (internal citations omitted). The Ninth Circuit employs a three prong test to assess whether a defendant has sufficient minimum contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The burden initially falls on the plaintiff to show the

first two prongs, but subsequently shifts to the defendant to show the third. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011) (internal citation omitted).

As was true with Plaintiff's original complaint, Plaintiff's Amended Complaint pleads no facts that establish any events involving or action taken by Defendants took place in Nevada. ECF No. 9 at 8-9. There is nothing to suggest any of these Defendants had any contact of any kind with the State of Nevada. *Id*. Thus, no claims arise out of or relate to events that occurred in Nevada. For this reason the Court finds an exercise of jurisdiction would not comport with fair play and substantial justice. In sum, the Court finds Plaintiff fails to plead facts that establish a basis for the Court to exercise personal jurisdiction over any of the Defendants.

**III.    Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 9) be DISMISSED without prejudice but without leave to file a second amended complaint in the U.S. District Court for the District of Nevada.

Dated this 25th day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).